```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
```

TROY FIGGS,                       :

    Plaintiff,                 :

v.                                :     No.  3:11-CV-1655(RNC)

LEO ARNONE, et al.,               :

    Defendants.                :

## RULING AND ORDER

Plaintiff Troy Figgs, a Rhode Island inmate in the custody of the Connecticut Department of Correction (DOC), brings this action pro se under 42 U.S.C. § 1983 seeking injunctive relief and damages against numerous DOC officials.[1] The complaint alleges that the defendants violated the plaintiff's Eighth Amendment right to a safe prison environment when they failed to protect him against an assault by another inmate.  The defendants have moved for summary judgment.  For reasons that follow, the motion is granted.

---

[1] The complaint names the defendants in their individual and official capacities.  Any claims against the defendants for money damages in their official capacities are barred by the Eleventh Amendment.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985) (Eleventh Amendment protects state officials sued for damages in their official capacity); Quern v. Jordan, 440 U.S. 332, 342 (1979) (section 1983 does not override a state's Eleventh Amendment immunity).  The claims for injunctive relief are moot because plaintiff has been transferred to a different facility. See Salahuddin v. Goord, 467 F.3d 263, 272 (2d Cir. 2006); Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976).  This leaves only the claims for money damages against the defendants in their individual capacities.

I.  STANDARD

Summary judgment may be granted if the evidence supporting the plaintiff's claim is insufficient to permit a jury to return a verdict in his favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  In evaluating the record, the evidence must be viewed in a manner most favorable to the plaintiff.  Id. at 255.

II. FACTS

The record reflects the following facts.  In 2008, plaintiff was transferred from Rhode Island to Connecticut.  Until 2013, he was housed at Northern Correctional Institution in a Security Risk Group Unit as a member of the Bloods.  Plaintiff claims to have renounced his membership in the Bloods as a result of trouble he had with other members while imprisoned in Rhode Island.  See Cmpl. Exh. E, Letter to Counselor McClendon (Jan. 20, 2010).  At Northern, a member of the Bloods spread rumors that plaintiff was a "snitch" and "baby killer."  The rumors were based on plaintiff's conviction for murder of a child.  Plaintiff alleges that prison officials helped to spread these rumors.

In the summer of 2009,  plaintiff got into an altercation with a cellmate who said he did not want to live with a "baby killer."  After the altercation, plaintiff sent letters to staff and submitted formal grievances expressing safety concerns about

being housed in the unit with the Bloods.[2]  The record reflects that staff responded by arranging for plaintiff to be single-celled and escorted when he was out of his cell.  See Cmpl. Exh. F, Reply from Counselor McClendon (Feb. 3, 2010); Cmpl. Exh. G, Reply from Garnett (Feb. 5, 2010) ("Regarding your safety, you are currently housed by yourself, recreate by yourself and are escorted wherever you go within the facility . . . . [Y]ou do not have any contact with other inmates.").  Plaintiff provides no evidence to the contrary.

In December 2010, plaintiff was attacked in the recreation yard by Victor Smalls, a member of the Bloods, who managed to slip out of his handcuffs.  Douglas Grant, another Bloods member, also slipped out of his handcuffs and assaulted a different inmate.  Plaintiff could not defend himself due to his own restraints and was injured before prison staff were able to subdue Smalls.  According to Smalls's affidavit, submitted in support of plaintiff's opposition to summary judgment, Smalls was motivated to attack the plaintiff because he had overheard comments by correctional officers that plaintiff is a "baby killer."

---

[2] The letters show that plaintiff thought his security risk group designation was improper and wanted to change his status. See, e.g., Cmpl. Exh. E, Letter to Counselor McClendon (Jan. 20, 2010).  To the extent he is seeking to pursue a claim based on his designation and housing placement, his allegations do not support a cause of action.  See Harris v. Meulemans, 389 F. Supp. 2d 438, 441 (D. Conn. 2005).

After the assault by Smalls, plaintiff filed a grievance seeking an investigation to determine whether officers had failed to properly search and handcuff Smalls.  Plaintiff stated that he believed the assault was caused by the officers' negligence. Cmpl. Exh. M, Level One Grievance (Jan. 3, 2011) (emphasis added); see also Exh. N, Level 2/3 Grievance (Jan. 10, 2011) ("The officers were negligent in there [sic] duties of properly securing the handcuffs and or strip searching inmates to make sure no cuff key was brought into the rec yard."

DISCUSSION

The Eighth Amendment requires prison officials to take reasonable measures to protect inmates from assaults.  Ayers v. Coughlin, 780 F.2d 205, 209 (2d Cir.1985).  A prison official violates the Eighth Amendment if he acts with deliberate indifference to an inmate's safety, in other words, if he knows the inmate faces a substantial risk of serious harm and disregards the risk by failing to take reasonable measures to abate it.  Farmer v. Brennan, 511 U.S. 825, 832-51 (1994). Though intent to cause harm is not required, mere negligence does not violate the Eighth Amendment.  Stubbs v. Dudley, 849 F.2d 83, 85 (2d Cir. 1988) (citing Daniels v. Williams, 474 U.S. 327, 330-31 (1986)).

In this case, the evidence does not support a reasonable finding that any of the defendants was deliberately indifferent

4

to a threat to plaintiff's safety.  There is no evidence that any of the defendants was on notice of a specific risk that the plaintiff would be assaulted by Smalls.[3]  On the day Smalls attacked, approximately eight months had passed since plaintiff's last grievance and no incidents or threats had been reported by plaintiff in the interim.  In this context, a jury could not reasonably return a verdict in favor of the plaintiff on his Eighth Amendment claim against any of the defendants.

CONCLUSION

Accordingly, the motion for summary judgment is hereby granted.  The Clerk may enter judgment and close the file.

So ordered this 31st day of March 2014.

_____/s/ RNC_____
Robert N. Chatigny
United States District Judge

---

[3] Plaintiff states that correctional officers "had put [Smalls'] cuffs on loose to allow him to slip," citing Smalls's affidavit.  However, Smalls's affidavit does not support an inference that the officers acted intentionally; Smalls states that he "took it upon [him]self to slip out of [his] handcuffs (loose) and assault [the plaintiff]."  Smalls Aff., ECF No. 55-4.

5